UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JAQUELINE K. J., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | CASE NO. 2:19-CV-00328-DWC <br><br> ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS |

Plaintiff filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of Defendant's denial of Plaintiff's applications for supplemental security income ("SSI") and disability insurance benefits ("DIB"). Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 2.

After considering the record, the Court concludes the Administrative Law Judge ("ALJ") erred when he failed to provide specific and legitimate reasons supported by substantial evidence for discounting Dr. Jennifer Azen's opinion and a portion of her opinion with Mr. Jay Wellington. Had the ALJ properly weighed these opinions, Plaintiff's residual functional capacity ("RFC") may have included additional limitations. The ALJ's error is therefore harmful,

and this matter is reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Commissioner of the Social Security Administration ("Commissioner") for further proceedings consistent with this Order.

## FACTUAL AND PROCEDURAL HISTORY

On December 6, 2012, Plaintiff filed applications for DIB and for SSI, alleging disability as of November 29, 2012. *See* Dkt. 12, Administrative Record ("AR") 2162. The applications were denied upon initial administrative review and on reconsideration. *See* AR 2162. A hearing was held before ALJ Larry Kennedy on March 17, 2014. *See* AR 2162. In a decision dated July 3, 2014, the ALJ determined Plaintiff to be not disabled. *See* AR 27. Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council, making the ALJ's decision the final decision of the Commissioner. *See* AR 14; 20 C.F.R. § 404.981, § 416.1481. Plaintiff appealed to the United States District Court for the Western District of Washington, which remanded the case for further proceedings. AR 2162.

On remand, Plaintiff received a second hearing before ALJ Kennedy, who again found Plaintiff not disabled. AR 2179. Plaintiff did not request review of the ALJ's decision by the Appeals Council, making the ALJ's November 6, 2018 decision the final decision of the Commissioner. *See* AR 2159. Plaintiff now appeals the ALJ's November 6, 2018 decision finding Plaintiff not disabled.[1]

In the Opening Brief, Plaintiff maintains the ALJ erred by: (1) failing to properly evaluate the medical opinion evidence; and (2) failing to provide substantial evidence in support of Plaintiff's RFC. Dkt. 16, p. 1. Plaintiff requests remand for an award of benefits. Dkt. 16, p. 18.

---

[1] When stating "the ALJ" or "the ALJ's decision" throughout this Order, the Court is referring to the ALJ's November 6, 2018 decision.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

## DISCUSSION

### I. Whether the ALJ properly considered the medical opinion evidence.

Plaintiff contends the ALJ failed to properly consider the medical opinions of treating providers Dr. Jamie Phifer, Dr. Azen, and Mr. Wellington. Dkt. 16, pp. 3-13.

In assessing an acceptable medical source, an ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995) (citing *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990)); *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988)). When a treating or examining physician's opinion is contradicted, the opinion can be rejected "for specific and legitimate reasons that are supported by substantial evidence in the record." *Lester*, 81 F.3d at 830-31 (citing *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)). The ALJ can accomplish this by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (citing *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)). "Other medical source" testimony "is competent evidence that an ALJ must take into account," unless the ALJ "expressly determines to disregard such testimony and gives reasons germane to each witness for doing so." *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001); *Turner*,

613 F.3d at 1224. "Further, the reasons 'germane to each witness' must be specific." *Bruce v. Astrue*, 557 F.3d 1113, 1115 (9th Cir. 2009).

   A. Dr. Phifer

Dr. Phifer saw Plaintiff various times beginning in March 2012 and completed a physical functional evaluation for the Washington State Department of Social and Health Services in April 2013. AR 863-880. Dr. Phifer opined Plaintiff has shoulder injuries that moderately affect her ability to lift, carry, push, pull, and reach. AR 877. On March 12, 2012, Dr. Phifer stated it is not appropriate for Plaintiff to do further upper body repetitive motions because further repetitive movement of her shoulders will likely worsen her symptoms. AR 865-866. In April 2013, Dr. Phifer opined Plaintiff should be limited to "light" work.

The ALJ discussed Dr. Phifer's opinion, and rejected the portion about Plaintiff's moderate limitations in lifting, carrying, pushing, pulling and reaching, saying:

> However, I do not adopt the indication of "moderate" limitations in lifting, carrying, pushing, pulling, and reaching in the opinion form. "Moderate" is not vocationally relevant term because it does not define frequency, weight limitations, or other specific aspects of function. Rather, as indicated in Dr. Pfifers [sic] opinion form, "moderate" is an assessment of severity, while the assessment of "light" is the evaluation of specific work restrictions. Any limitations indicated by a "moderate" level of severity in lifting, carrying, pushing, pulling, and reaching, were accommodated in Dr. Pfifer [sic] assessment that the claimant could do light work.

AR 2175 (citations omitted).

The ALJ denied the portion of Dr. Phifer's opinion about Plaintiff's moderate limitations in lifting, carrying, pushing, pulling and reaching, saying that the moderate limitations were accommodated by limiting the Plaintiff to light work. AR 2175. The Court finds this reason specific and legitimate. As the ALJ noted, Dr. Phifer's opinion form indicates "moderate" as an assessment of severity, whereas "light" is an evaluation of specific work restrictions. AR 2175; *see* AR 877-878. Accordingly, the Court agrees that any limitations indicated by a moderate

level of severity are accommodated by limiting Plaintiff to light work. Further, this is consistent with Dr. Phifer's opinion. Directly below the check-box portion of Dr. Phifer's opinion where she indicated Plaintiff has moderate limitations in lifting, carrying, pushing, pulling, and reaching, Dr. Phifer checked a box indicating that, in her professional medical opinion, Plaintiff is capable of performing light work in a regular, predictable manner despite her impairment. AR 877-878.

The ALJ also criticized Dr. Phifer's opinion in part because "moderate" is not a vocationally relevant term. AR 2175. The Court declines to consider whether this remaining reason contains error, as any error would be harmless. *See Presley-Carrillo v. Berryhill*, 692 Fed. Appx. 941, 944-45 (9th Cir. 2017) (citing *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008)) (finding that although an ALJ erred regarding one reason he gave to discount a medical opinion, "this error was harmless because the ALJ gave a reason supported by the record" to discount the opinion).

The ALJ also afforded less weight to Dr. Phifer's March 12, 2012 opinion that it was inappropriate for Plaintiff to be "doing further upper body repetitive motions at this time" because:

> This opinion does not provide an accurate picture of the claimant's function during the relevant time period because (1) the opinion was issued more than eight month [sic] prior to the alleged onset date of disability (November 29, 2012). (2) Moreover, Dr. Pfifer [sic] did not define "repetitive" in specific vocational terms. I find that Dr. Pfifer's [sic] April 2013 opinion of light work reasonably provides a more accurate assessment of the claimant [sic] function during the relevant period.

AR 2175 (citations omitted) (numbering added).

The ALJ discounted Dr. Phifer's March 12, 2012 opinion because of its age, noting it was more than eight months prior to the alleged onset date of disability. AR 2175. The Court finds this reason specific and legitimate and supported by substantial evidence. "Medical opinions that

predate the alleged onset of disability are of limited relevance." *Carmickle*, 533 F.3d 1155 at 1165 (citing *Fair v. Bowen,* 885 F.2d 597, 600 (9th Cir. 1989)). Indeed, courts have affirmed an ALJ's rejection of a medical opinion predating the alleged onset of disability. *See Gunderson v. Astrue*, 371 F. App'x 807, 809 (9th Cir. 2010) (citing *Carmickle* and finding the ALJ did not err when discounting the medical opinion of a doctor who conducted an exam "nearly two years before the alleged onset date of [Plaintiff's] disabilities"); *Fountaine v. Colvin*, No. 3:14-CV-05035-KLS, 2014 WL 4436989, at *5 (W.D. Wash. Sept. 8, 2014) (affirming ALJ's rejection of medical opinions offered three years before alleged onset date); *Wa Wei Chong v. Colvin*, No. CV 13-0226-DTB, 2014 WL 1407934, at *3 (C.D. Cal. Apr. 11, 2014) (finding medical opinion with more restrictive functional limitations was of limited probative value because it was offered over two years prior to the alleged onset date). This is particularly true where the ALJ properly rejects an older medical opinion prior to the alleged onset of disability in favor of more recent opinions during the relevant period. *See Brown v. Comm'r of Soc. Sec.*, 532 F. App'x 688, 689 (9th Cir. 2013); *Markey v. Colvin*, No. C13-1393-JLR, 2014 WL 1320134, at *7 (W.D. Wash. Mar. 28, 2014) (affirming the ALJ's treatment of older opinions given that the ALJ considered more recent opinions after the alleged onset date). Here, the ALJ rejected this portion of Dr. Phifer's opinion in favor of Dr. Phifer's more recent April 2013 opinion. The ALJ found that Dr. Phifer's April 2013 opinion restricting Plaintiff to light work (as discussed above) provides a more accurate assessment of Plaintiff's function during the relevant period. AR 2175. Thus, rejecting this portion of Dr. Phifer's opinion in favor of her more recent opinion is legitimate in this context.

After review of the record, the Court finds the ALJ's decision to give reduced weight to Dr. Phifer's opinion was specific and legitimate and supported by substantial evidence. Therefore, the ALJ did not err.

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY
BENEFITS - 6

B. Dr. Azen

Plaintiff next argues the ALJ erred by failing to properly address Dr. Azen's March 2014 opinion. Dkt. 16, pp. 8-12. Dr. Azen, one of Plaintiff's treating physicians, completed a physical impairment questionnaire in March 2014. AR 1079. Dr. Azen opined Plaintiff is unable to do "repeated activity with her upper body" due to constant burning, tingling, sharp pain in her shoulders, elbows, wrists, and neck, is unable to lift or carry any weight, and is limited in doing repetitive reaching, handling, and fingering. AR 1079-1082. Dr. Azen opined Plaintiff's impairments are likely to produce good days and bad days. AR 1081.

After reviewing Dr. Azen's March 2014 opinion, the ALJ assigned it little weight, saying:

> (1) The opinion is poorly supported in that Dr. Azen failed to indicate specific diagnoses, and (2) she does not describe a specific frequency, type of activity, or specific body part to explain what she means by "repeated activity with her upper body." (3) Her indication that the claimant can lift or carry no weight at all reflects an exaggerated assessment because it is inconsistent with the claimant's reported ability to lift 3 pounds and ability to lift the weight required to make food and shop in stores. (4) Nor does the assessment seem consistent with the claimant's report, as noted by Dr. Azen, that she has increased pain when lifting *heavy* objects; she did report pain with lifting all objects. Regarding Dr. Azen's assessment of" [sic] significant limitations in doing repetitive reaching, handling, or fingering," her assessment is of little to no value in assessing the claimant [sic] function because (5) it indicates neither a specific frequency nor specific weight limitation. (6) Moreover, Dr. Azen's opinion does not point to specific, objective evidence (such as reduced grip strength) as rational [sic] for such a limitation. Nor does the treatment record as a whole, including Dr. Azen's treatment notes, contain objective findings indicative of notable limitations in handling or fingering.

AR 2175 (citations omitted) (numbering added) (emphasis in original).

First, the ALJ discounted Dr. Azen's opinion because she failed to provide a diagnosis on the physical impairment questionnaire. AR 2175. This is inconsistent with the record. Dr. Azen herself diagnosed Plaintiff with a bilateral shoulder injury in the mental impairment questionnaire she filled out around the same time as the physical impairment questionnaire. AR 1074. Further, the ALJ's first objection is inconsistent with the record and amounts to little more than an exercise

in semantics. The ALJ was aware of the multiple surgeries Plaintiff has had on both of her shoulders and the pain she feels in her shoulders because both are discussed in the medical record several times, including in the oral transcripts. *See* AR 58, 747-748, 838, 863, 962, 1106, 1197. For example, Dr. Phifer noted Plaintiff had "bilateral rotator cuff tears and surgeries … due to chronic use at her job." AR 863. In response to a question posed by Plaintiff's attorney at the oral hearing held in front of the ALJ, Plaintiff stated her depression started when she had surgery on her shoulders. AR 58. Plaintiff was diagnosed with thoracic outlet syndrome, depression, anxiety, wrist pain, and shoulder impingement syndrome. AR 737-739, 815. If the ALJ were truly unaware of Plaintiff's physical problems with both her shoulders, then he erred by failing to consider significantly probative medical opinion evidence. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 1996) ("The ALJ must consider all medical opinion evidence."); *see also* 20 C.F.R. § 404.1527(b) and (c); *Flores v. Shalala*, 49 F.3d 562, 570-71 (9th Cir. 1995) (quoting *Vincent ex rel. Vincent v. Heckler*, 739 F.3d 1393, 1394-95 (9th Cir. 1984)) (The ALJ "may not reject 'significant probative evidence' without explanation."). Thus, the ALJ's first reason for affording Dr. Azen's opinion reduced weight is not specific and legitimate and supported by the record.

Second, the ALJ discounted Dr. Azen's opinion because she does not specify a frequency, type of activity, or specific body part to further explain her opinion that Plaintiff is unable to do repeated activity with her upper body. AR 2175. This reasoning is not consistent with the medical record. In the physical impairment questionnaire, Dr. Azen opined Plaintiff has constant burning, tingling, and sharp pain in her shoulders, and use exacerbates pain. AR 1079. This clearly indicates Plaintiff's shoulders are the body parts Dr. Azen is referring to when she opined about Plaintiff's "upper body." She opined Plaintiff can *never* do any lifting or carrying, which indicates both

frequency and types of activity. AR 1082. Thus, the ALJ's second reason for discounting Dr. Azen's opinion is not specific and legitimate and supported by the record.

Third, the ALJ discounted Dr. Azen's opinion because it is inconsistent with Plaintiff's reported ability to lift 3 pounds and to lift the weight required to shop and make food. AR 2175. It is error for an ALJ to selectively focus on evidence that tends to suggest a plaintiff is not disabled. *See Edlund v. Massanari*, 253 F.3d 1152, 1159 (9th Cir. 2001); *Gallant v. Heckler,* 753 F.2d 1450, 1456 (9th Cir. 1984) (it is error for the ALJ to ignore or misstate competent evidence in order to justify a conclusion). Here, Plaintiff's testimony reporting her ability to lift 3 pounds was in September 2013; Dr. Azen's opinion was 6 months later, in March 2014. It is feasible that Plaintiff's condition worsened over time or that she goes shopping/cooks when she is having a "good day," which is consistent with Dr. Azen's opinion that Plaintiff's condition produces good days and bad days. The ALJ did not consider the passage of time or this portion of Dr. Azen's opinion that Plaintiff has good days and bad days. Further, Dr. Azen's physical impairment questionnaire was done to analyze Plaintiff's vocational abilities, not her ability to carry out day-to-day activities. Courts have "repeatedly stated that a person's ability to engage in personal activities such as cooking, cleaning, and hobbies does not constitute substantial evidence that he or she has the functional capacity to engage in substantial gainful activity." *Kelley v. Callahan,* 133 F.3d 583, 589 (8th Cir. 1998). Here, the ALJ has not shown how Plaintiff's ability to engage in these "home activities" is inconsistent with Dr. Azen's opinion that Plaintiff is unable to lift or carry any weight in a workplace setting. *See O'Connor v. Sullivan,* 938 F.2d 70, 73 (7th Cir.1991) ("The conditions of work are not identical to those of home life."). Thus, the ALJ's third reason for discounting Dr. Azen's opinion is not specific and legitimate and supported by the record.

Fourth, the ALJ discounted Dr. Azen's opinion because it is inconsistent with Plaintiff's report, as noted by Dr. Azen, that she has increased pain when lifting heavy objects. AR 2175. This finding is conclusory. The ALJ has not shown how having increased pain when lifting heavy objects is inconsistent with having pain when lifting lighter objects. Feeling increased pain when lifting heavy objects while still feeling pain when lifting lighter objects is common sense. The ALJ himself admitted that Plaintiff reported "pain with lifting all objects." AR 2175. Therefore, the ALJ's fourth reason for discounting Dr. Azen's opinion is not specific and legitimate and supported by the record.

Fifth, the ALJ rejected the portion of Dr. Azen's opinion regarding Plaintiff's limitations in reaching, handling, and fingering because it does not indicate a specific frequency or weight limitation. AR 2175. This finding is conclusory. Although the ALJ is correct about the opinion lacking specific frequency or weight limitations, he did not explain why this is relevant. He does not point to any evidence in the record for support. Further, as discussed in more detail below, this limitation is supported by the treatment record as a whole. Thus, the ALJ's fifth reason for discounting Dr. Azen's opinion is not specific and legitimate and supported by the record.

Sixth, the ALJ rejected the portion of Dr. Azen's opinion regarding Plaintiff's limitations in reaching, handling, and fingering because it does not point to specific, objective evidence, and is not supported by the treatment record as a whole. AR 2175. As mentioned above, it is error for the ALJ to selectively focus on evidence that tends to suggest a plaintiff is not disabled. *See Edlund*, 253 F.3d 1152 at 1159; *Gallant*, 753 F.2d 1450 at 1456 (it is error for the ALJ to ignore or misstate competent evidence in order to justify a conclusion). In the Opening Brief, Plaintiff correctly noted that although there was never an extensive examination on Plaintiff's wrists and hands, several doctors noticed problems with them. Dkt. 16, p. 11. For example, Dr. Azen

noticed swelling in Plaintiffs wrists. AR 1079. Dr. Jennifer Taniguchi noted Plaintiff had pain in her neck that radiated down her right arm and was concerned the cause was degenerative disc disease. AR 712. Christy Vath, a Physician's Assistant, noted tenderness in both of Plaintiff's wrists bilaterally. AR 714. Dr. Azen noted Plaintiff's wrists were swollen in a visit from 2012. AR 755. It is not clear whether the ALJ considered any of these findings, all of which support Dr. Azen's opinion regarding Plaintiff's limitations in reaching, handling, and fingering. Thus, the ALJ's sixth reason for discounting Dr. Azen's opinion is not specific and legitimate and supported by the record.

After review of the record, the Court finds the ALJ failed to provide any specific and legitimate reasons to discount Dr. Azen's March 2014 opinion. Therefore, the ALJ erred.

"[H]armless error principles apply in the Social Security context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012). An error is harmless, however, only if it is not prejudicial to the claimant or "inconsequential" to the ALJ's "ultimate nondisability determination." *Stout*, 454 F.3d 1050 at 1055; *see Molina*, 674 F.3d at 1115. The determination as to whether an error is harmless requires a "case-specific application of judgment" by the reviewing court, based on an examination of the record made "'without regard to errors' that do not affect the parties' 'substantial rights.'" *Molina*, 674 F.3d at 1118-1119 (quoting *Shinseki v. Sanders*, 556 U.S. 396, 407 (2009)).

Here, the ALJ erred in affording reduced weight to Dr. Azen's March 2014 opinion. The RFC included Plaintiff being able to frequently perform below shoulder reaching, and makes no mention of Plaintiff's limitations in lifting, carrying, handling, or fingering. AR 2169. As Dr. Azen found Plaintiff could not lift or carry any weight and had significant limitations in doing repetitive reaching, handling, and fingering, the ultimate disability decision would have changed if her

opinion was given greater weight. *See Molina*, 674 F.3d at 1115-117. Therefore, the ALJ's error is not harmless and requires remand.

### C. Mr. Wellington with Dr. Azen

Plaintiff next argues the ALJ failed to provide germane or specific and legitimate reasons for discounting the joint opinion of Mr. Wellington and Dr. Azen. Dkt. 16, pp. 12-13. Mr. Wellington, Plaintiff's treating mental health counselor, completed a mental impairment questionnaire alongside Dr. Azen for Plaintiff in March 2014. AR 1069-1073. In this questionnaire, Mr. Wellington and Dr. Azen opined Plaintiff is markedly limited in maintaining social functioning, experiences frequent deficiencies of concentration, persistence, or pace resulting in failure to complete tasks in a timely manner (in work settings or elsewhere), and would be absent from work more than three to four times per month. AR 1069-1073.

The ALJ discussed the opinion, and gave it little weight because:

> (1) The assessments regarding social limitations and deficiencies of concentration, persistence or pace are not consistent with the record as a whole. As discussed above, the claimant sometimes presented with abnormalities such as a tearful or flat affect, slow speech, and concentration deficits. However, other examinations indicate a normal affect, and most examinations reflect little abnormality in most aspects of mental function, including concentration, memory, though processes and speech. Notes from Mr. Wellington and Dr. Azen do not contain mental findings consistent with their opinion. Indeed, Mr. Wellington found that the claimant followed the conversation well, had good concentration, and did not appear distracted, and Dr. [sic] Wellington noted few abnormalities in the claimant's presentation. Moreover, the claimant's testimony included little mention of specific problems in social function. Indeed, in a function report, the claimant stated that she had no difficulty getting along with friends, family, neighbors, and authority figures. Most treatment note [sic] show that the claimant presented as cooperative, and she had no significant problem interacting with others. (2) The assessment of Dr. Azen and Mr. Wellington that the claimant would miss three days of work each month is vague, conclusory, and unsupported. Neither provider indicated what specific symptoms would cause such a limitation, nor did they point to records that would reasonably indicate the limitation. (3) The opinion also does not seem consistent with the claimant's generally normal presentation in most records, as discussed above. (4) The opinion is essentially a finding that the claimant cannot work on a consistent basis, which is not a medical opinion, but a legal conclusion that is reserved to the Commissioner.

AR 2176 (citations omitted) (numbering added).

First, the ALJ discounted the portion of the opinion regarding Plaintiff's social limitations and deficiencies of concentration, persistence, and pace because it is not consistent with the record as a whole. The Court agrees. An ALJ need not accept an opinion which is inadequately supported "by the record as a whole." *See Batson v. Commissioner of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004). Here, the ALJ noted that although Plaintiff sometimes presented with abnormalities such as a tearful or flat affect, most examinations in the record reflected little abnormality in most aspects of mental function. *See* AR 1447, 1550, 1565-66, 1571-72, 1579, 1601, 1609, 1641, 1670, 2012, 2016. The ALJ also noted Plaintiff's own testimony indicated she had no difficulty getting along with friends, family, neighbors, and authority figures. AR 639-640. The ALJ provides multiple citations to the record which all lend support to his finding. Thus, because the ALJ adequately explained his reasoning, and showed the record supports his conclusion, the Court finds the ALJ's first reason for discounting the joint opinion of Mr. Wellington and Dr. Azen specific and legitimate.

Second, the ALJ discounted Mr. Wellington's and Dr. Azen's opinion regarding Plaintiff's need to miss more than three days of work each month because it is vague, conclusory, and unsupported. AR 2176. This is inconsistent with the opinion itself. Although neither Mr. Wellington nor Dr. Azen opined to the specifics of Plaintiff's absenteeism, their opinions indicate problems that may cause Plaintiff to miss work more than three times a month. For example, Mr. Wellington stated Plaintiff would have difficulty working at a regular, full-time job, saying that "[w]ith her current level of depression, I don't not expect patient to be able to work for 12 months and after will likely need support to retrain for new work due to prior, work sustained injuries." AR 1072. The opinion states Plaintiff shows a "marked impairment in:

interest/pleasure, feeling hopeless, sleep (decreased), low energy, concentration, motor activity." AR 1080. The opinion also indicates Plaintiff has major depressive disorder and bilateral shoulder injury. AR 1069. When the opinion as a whole is reviewed, there is support for finding that Plaintiff will miss work because of her physical and mental impairments. Thus, the ALJ's second reason for rejecting the joint opinion of Mr. Wellington and Dr. Azen is not germane or specific and legitimate.

Third, the ALJ discounted Mr. Wellington's and Dr. Azen's opinion regarding Plaintiff's need to miss more than three days of work a month because it is inconsistent with the record as a whole. This reasoning is conclusory. The ALJ, without further explanation or any citation to the record, merely states that the opinion "does not seem consistent with the claimant's generally normal presentation in most records, as discussed above." Although the ALJ correctly used this logic in a prior argument, it is inappropriate to simply refer to the prior argument because the portion of opinion is different in this scenario. Without further explanation, the ALJ's finding in this instance is conclusory and therefore inappropriate in this context. Thus, the ALJ's third reason for discounting the joint opinion of Mr. Wellington and Dr. Azen is not germane or specific and legitimate.

Lastly, the ALJ discounted Mr. Wellington's and Dr. Azen's opinion because it is a legal conclusion that is reserved to the Commissioner. AR 2176. Although "'the administrative law judge is not bound by the uncontroverted opinions of the claimant's physicians on the ultimate issue of disability, [] he cannot reject them without presenting clear and convincing reasons for doing so.'" *Reddick*, 157 F.3d at 725 (quoting *Matthews v. Shalala*, 10 F.3d 678, 680 (9th Cir. 1993) (other citations omitted)). "A treating physician's opinion on disability, even if controverted, can be rejected only with specific and legitimate reasons supported by substantial

evidence in the record." *Id.* (citing *Lester*, 81 F.3d at 830). Moreover, "opinions from any medical source on issues reserved to the Commissioner must never be ignored." *See id*. Here, the ALJ's fourth reason for discounting Mr. Wellington's and Dr. Azen's opinion that Plaintiff would miss more than three days of work each month is that it "is a legal conclusion reserved for the Commissioner," without any additional analysis. AR 25. Thus, the ALJ's fourth reason for discounting this opinion is conclusory and is not a germane or specific and legitimate reason for rejecting the opinion that Plaintiff would miss more than three days of work each month.

Accordingly, the Court finds the ALJ has provided a proper reason for rejecting the portion of Mr. Wellington's and Dr. Azen's opinion regarding Plaintiff's social limitations and deficiencies of concentration, persistence, and pace. However, the portion of the opinion regarding Plaintiff's need to miss more than three days of work a month is not germane or specific and legitimate. Thus, the ALJ erred and is directed to reassess that portion of the opinion on remand.

**II.     Whether the ALJ provided substantial evidence in support of Plaintiff's RFC.**

Plaintiff argues the ALJ failed to provide substantial evidence in support of Plaintiff's RFC. Dkt. 16, pp. 13-17. The Court concludes the ALJ committed harmful error when he failed to properly consider Dr. Azen's March 2014 opinion (*See* Section I, B., *supra*) and her joint opinion with Mr. Wellington regarding Plaintiff's need to miss more than three days of work a month. *See* Section I, C., *supra*. The ALJ is directed to re-evaluate Dr. Azen's March 2014 opinion and the portion of her opinion with Mr. Wellington regarding Plaintiff's need to miss more than three days of work a month on remand. The ALJ must therefore reassess the RFC on remand. *See* Social Security Ruling 96-8p ("The RFC assessment must always consider and address medical source opinions."); *Valentine v. Commissioner Social Sec. Admin.*, 574 F.3d

685, 690 (9th Cir. 2009) ("an RFC that fails to take into account a claimant's limitations is defective"). As the ALJ must reassess Plaintiff's RFC on remand, he must also re-evaluate the findings at Step 5 to determine if there are jobs existing in significant numbers in the national economy Plaintiff can perform in light of the new RFC. *See Watson v. Astrue*, 2010 WL 4269545, *5 (C.D. Cal. Oct. 22, 2010) (finding the ALJ's RFC determination defective when the ALJ did not properly consider a doctor's findings).

**III.     Whether this case should be remanded for an award of benefits.**

Plaintiff argues this matter should be remanded with a direction to award benefits. *See* Dkt. 16, p. 18. The Court may remand a case "either for additional evidence and findings or to award benefits." *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). Generally, when the Court reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). However, the Ninth Circuit created a "test for determining when evidence should be credited and an immediate award of benefits directed[.]" *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000). Specifically, benefits should be awarded where:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting [the claimant's] evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Smolen*, 80 F.3d 1273 at 1292; *McCartey v. Massanari*, 298 F.3d 1072, 1076-77 (9th Cir. 2002).

The Court has determined, on remand, the ALJ must re-evaluate the medical evidence. Therefore, there are outstanding issues which must be resolved and remand for further administrative proceedings is appropriate.

## CONCLUSION

Based on the above reasons, the Court hereby finds the ALJ improperly concluded Plaintiff was not disabled. Accordingly, Defendant's decision to deny benefits is reversed and this matter is remanded for further administrative proceedings in accordance with the findings contained herein.

Dated this 22nd day of October, 2019.

/s/ David W. Christel
David W. Christel
United States Magistrate Judge